IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02366-WYD-PAC

DAVID CIDRILLO POMPA;
ROSEMARY SANTELER; and
SHAWN MICHAEL DOMIANUS; and
SCOTT CHRISTOPHER DOMIANUS, by and through their next best friend and Natural
Parent, TERRY DOMIANUS,

      Plaintiff(s),

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

      Defendant(s).

---

**ORDER**

---

I.    <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

THIS MATTER is before the Court on Defendant's Motion for Summary

Judgment, filed March 27, 2006 (docket #11) and Plaintiff David Cidrillo Pompa's Cross

Motion for Partial Summary Judgment on Breach of Contract Claim, filed April 24, 2006

(docket #20).

This case concerns a dispute over whether Defendant American Family Mutual

Insurance Company ("American Family") has a duty to defend and indemnity its

insured, Plaintiff David Cidrillo Pompa, for liability he incurred as a result of a wrongful

death lawsuit brought by Plaintiffs Rosemary Santeler, Shawn Michael Domianus, and

Scott Christopher Domianus (the "Domianus Heirs").  According to the undisputed facts

alleged in the motion and cross-motion, on September 8, 2002, Pompa and Stephen Domianus were involved in an altercation at the Lake Avenue Inn in Adams County, Colorado in which Stephen Domianus was killed.  Criminal charges were filed against Pompa for reckless manslaughter and second-degree assault, and on May 16, 2003, Pompa pled guilty to criminally negligent homicide.  The Domianus Heirs reported this incident to American Family on July 14, 2003.  On October 8, 2003, the Domianus Heirs filed a wrongful death suit against Pompa in District Court in Adams County, Colorado (the "underlying suit").  After receiving the suit papers, American Family investigated the claim under a reservation of rights and on December 2, 2003, issued a letter declining to provide Pompa with a defense in the underlying suit.  The denial was based, in part, on the Intentional Injury and Violation of Law exclusions in Pompa's homeowners' policy.  On December 30, 2004, the Adams County District Court entered a judgment against Pompa, and in favor of the Domianus Heirs, in the amount of $983,609.90, plus costs and interest.  Unable to satisfy the judgment, Pompa entered into a settlement agreement with the Domianus Heirs patterned on *Bashor v. Northland Ins. Co.*, 480 P.2d 1292 (Colo. 1972) (the "Bashor Agreement").  Pompa initiated this action pursuant to the terms in the Bashor Agreement.

In this case, Pompa and the Domianus Heirs bring claims for breach of contract, willful breach of contract and bad faith breach of contract based on American Family's refusal to defend and indemnify Pompa the underlying suit.  In addition, the Plaintiffs bring a fourth claim for relief for declaratory judgment in which they request this Court declare the "rights and legal relations of [the Domianus Heirs] as an interested party in

the within insurance coverage dispute."  In its motion, American Family asserts that it is entitled to summary judgment on all of Plaintiffs' claims because the Domianus Heirs lack standing to pursue their claims against American Family, and because the Violation of Law exclusion in the policy precludes all coverage for the incident for which Pompa pleaded guilty.  Pompa's cross-motion seeks partial summary judgment on his breach of contract claim only.  Pompa states that he is not seeking partial summary judgment on the damages component of his breach of contract claim, but only as to the issue of whether American Family breached the terms of the policy at issue by failing to provide Pompa with a defense in the underlying lawsuit.

II.    ANALYSIS

       A.    Summary Judgment Standard

       Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The burden of showing that no genuine issue of material fact exists is borne by the moving party.  *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  In reviewing a summary judgment motion, the court must view the evidence in the light most favorable to the nonmoving party.  *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584 (10th Cir. 1999).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

       When cross motions for summary judgment are filed, the court "'is entitled to

-3-

assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). Cross motions for summary judgment must be treated separately; the denial of one does not require the grant of another. *Buell Cabinet v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979).

      B.      Whether Summary Judgment is Appropriate In this Case

      I first address the arguments raised in American Family's motion concerning the Domianus Heirs' ability to assert claims in this case.

      1.      Whether the Domianus Heirs Have Standing

      Defendant asserts that the Domianus Heirs lack standing to bring claims against American Family in this case. According to Defendant, the only claims asserted in this action - breach of contract and bad faith - involve the coverage dispute between Defendant and Plaintiff Pompa, and Pompa is the only party entitled to assert such claims.

      Fed. R. Civ. P. 17(a) states that every action shall be prosecuted in the name of the "real party in interest." Only the "real party in interest" has standing to bring suit in federal court. *US Fax Law Center, Inc. v. iHire, Inc.*, 373 F.Supp. 2d 1208, 1210 (D. Colo. 2005). "A 'real party in interest' is a party that has a substantive right that is enforceable under applicable substantive law." *US Fax Law Center*, 373 F.Supp. 2d at 1210-11. Because whether a party is a real party in interest depends upon the parties' substantive rights, this issue is determined by applicable state law. *Id.* at 1211.

Therefore, whether the Domianus Heirs are real parties in interest in this case is a question of Colorado law. *Id.* Both the standing doctrine and the real party in interest doctrine require that a plaintiff must have suffered an injury to a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (in order to achieve standing a plaintiff must demonstrate the existence of an injury in fact, causation, and redressability).

It is undisputed that the Domianus Heirs are not parties to the insurance contract at issue, and no contractual duties exist between them and Defendant. Similarly, no tort duties exist between the Domianus Heirs and Defendant because an insured's tort liability for bad faith derives from the quasi-fiduciary nature of the relationship between the insured and the insurer. *Lira v. Shelter Ins. Co.*, 913 P.2d 514, 516 (Colo. 1996). Nevertheless, the Domianus Heirs contend that Defendant's "denial of coverage has injured the Domianus Heirs' ability to recover their damages [from Pompa]." However, under substantive Colorado law, an injured claimant cannot maintain a direct action on the liability policy protecting the insured unless specifically authorized by statute. *All Around Transport, Inc. v. Continental Western Ins. Co.*, 931 P.2d 552, 556-57 (Colo. App. 1996); *Schnacker v. State Farm Mut. Auto. Ins. Co.*, 843 P.2d 102 (Colo. App. 1992) (injured third-party claimant did not have standing to allege bad faith cause of action against tortfeasor's insurer). Similarly, an injured claimant "has no standing even to prosecute a declaratory judgment against a liability insurer." *All Around Transport*, 931 P.3d at 556 (citing *Farmers Ins. Exchange v. District Court*, 862 P.2d 944 (Colo. 1993)).

Based on the foregoing authorities, I conclude that the Domianus Heirs have no legally protected interest in the controversy in this case and lack standing to pursue their claims against Defendant.  Therefore, Defendant is entitled to summary judgment in its favor with regard to all claims asserted by the Domianus Heirs in this case.

   2. <u>Whether Summary Judgment is Appropriate As to Pompa's Claims</u>

Defendant next asserts that it is entitled to summary judgment with regard to the claims asserted by Pompa because pursuant to the Violation of Law exclusion, Pompa is not entitled to liability coverage under the policy for the wrongful death claim asserted by the Heirs.  In response, Pompa argues that the Violation of Law exclusion is ambiguous and, as applied in this case, contrary to public policy.  Pompa has also filed a cross-motion with respect to his claim for breach of the duty to defend.

The policy at issue in this case contains the following relevant provisions:

> **COVERAGE D - PERSONAL LIABILITY COVERAGE**
> We will pay, up to our limit, compensatory damages for which an insured is legally liable because of bodily injury . . . caused by an occurrence covered by this policy.
>
> **Defense Provision.**
> If any suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this policy applies, we will provide a defense . . . .
>
> The term "occurrence" is defined by the policy to mean "an accident . . . which results during the policy period in . . . bodily injury . . .."
>
> **Violation of Law.**  We will not cover bodily injury or property damage arising out of:
> a. violation of any criminal law for which any insured is convicted . . . .

When interpreting contracts, including insurance policies, Colorado courts apply the law of the state with the most significant relationship to the contract . *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 601 P.2d 1369, 1372 (Colo. 1979); *Budd v. American Excess Ins. Co.*, 928 F.2d 344, 346-47 (10th Cir. 1991).  In this case, Colorado has the most significant relationship to the contract at issue.  In addition, because the present case is grounded on diversity jurisdiction, Colorado law provides the substantive rules of law which govern this action.  *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998).

Under Colorado law, the duty to defend is separate and distinct from an insurer's obligation to indemnify its insured.   *Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1086 n. 5 (Colo. 1991).  "The duty to defend concerns an 'an insurance company's duty to affirmatively defend its insured against pending claims.'" *See Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (citing *Constitution Assoc. v. N.H. Ins. Co.*, 930 P.2d 556, 563 (Colo. 1996)).  Whether an insurer has a duty to defend is a question of law.  *Flannery v. Allstate Ins. Co.*, 49 F.Supp. 2d 1223, 1227 (D. Colo. 1999).  In order to determine whether a duty defend exists in a particular case, courts utilize what is called the "complaint" rule and look to the four corners of the underlying complaint.  *See Hecla*, 811 P.2d at 1089.  The duty to defend arises when the facts alleged in the Complaint even potentially trigger coverage under the terms of the insurance policy.  *Cyprus*, 74 P.3d at 299.

"An insurer seeking to avoid its duty to defend an insured bears a heavy burden." *Hecla*, 811 P.2d at 1089.  "The actual liability of the insured to the claimant is

not the criterion which places upon the insurance company the obligation to defend."

*Id.* at 1089. "Rather, the obligation to defend arises from allegations in the complaint, which, if sustained, would impose a liability covered by the policy." *Id.* "The insurer has a duty to defend unless the insurer can establish that the allegations in the complaint are solely and entirely within the exclusions in the insurance policy," and that the exclusions are not subject to any other reasonable interpretation. *Id.* at 1090. "An insured is not excused from its duty to defend unless there is no factual or legal basis on which the insurer might eventually be held liable to indemnify the insured." *Id.* at 1090.

In the underlying suit, the Domianus Heirs' claim for wrongful death alleges the following:

> 7.  That Pompa had a duty to not harm or injure Decedent, Stephen Domianus (hereinafter Domianus).
>
> 8.  That Pompa breached said duty by striking Domianus on September 8, 2002 at the Lake Avenue Inn, 2181 East Lake Avenue, Adams County, Colorado.
>
> 9.  That Pompa striking Domianus caused his death.
>
> 10.  That as a result of Pompa striking Domianus, the heirs at law of Domianus, Plaintiffs herein, have suffered substantial damages including, but not limited to, economic loss, grief, loss of companionship, pain and suffering and emotional distress.

Pompa contends that because the complaint contained no allegations of criminal misconduct, and no allegations that he had been convicted of a crime, but was framed in terms of "negligence," the allegations therein created a potential for coverage and he was thus owed a defense in the underlying suit.

-8-

As discussed above, Pompa pled guilty to criminally negligent homicide, which is a class 5 felony, on May 16, 2003, and the incident was reported to Defendant on July 14, 2003. *See* C.R.S. § 18-3-105 (2002). Criminally negligent homicide "involves defendant's failure to perceive a substantial and unjustifiable risk that death might occur." *Moore v. People*, 925 P.2d 264, 267 n. 6 (Colo. 1996). It is undisputed that Pompa's conviction resutled from the events that occurred on September 8, 2002, during his altercation with Stephen Domianus at the Lake Avenue Inn in Adams County, Colorado. It is also undisputed that the underlying suit was filed October 8, 2003, well after the date Pompa was convicted. While the Complaint in the underlying suit is carefully crafted to avoid reference Pompa's criminal conviction, the allegations in the Complaint seek damages based exclusively on Pompa's conduct during the September 8, 2002, incident. The fact that the Complaint alleges negligent rather than intentional conduct is irrelevant. The Violation of Law exclusion at issue clearly excludes coverage for injury arising out of "any violation of criminal law for which any insured is convicted." The allegations in the Complaint relate solely to a violation of criminal law for which Pompa was convicted, and clearly fall within the Violation of Law exclusion. The Complaint contains no factual or legal basis on which the Defendant might eventually be held liable to indemnify Pompa, and therefore, Defendant had no duty to defend Pompa in the underlying suit. *Hecla*, 811 P.2d at 1090.

Pompa contends, however, that even if Defendant had no duty to defend, summary judgment is nevertheless inappropriate because the phrase "for which any insured is convicted" is not defined in the policy and that the phrase could be

interpreted to include both situations where the insured is proved guilty beyond a reasonable doubt at trial and situations where the insured is found guilty as a result of a plea bargain.

A phrase is ambiguous when it is susceptible to more than one reasonable interpretation. *Northern Ins. Co. v. Ekstrom*, 784 P.2d 320, 323 (Colo. 1989). Ambiguous language must be construed in favor of the insured and against the insurer. *Northern Ins. Co.*, 784 P.2d at 323. However, the mere potential for more than one interpretation of a term does not create ambiguity. Colorado Courts have held that whether a policy term is ambiguous is determined by "use of an objective standard within the circumstances at issue." *Allstate Ins. Co. v. Juniel*, 931 P.2d 511, 513 (Colo. App. 1996). Applying the phrase "for which any insured is convicted" to the facts and circumstances of this case, I find that the phrase is not ambiguous, and clearly encompasses Pompa's decision to enter a guilty plea to the crime of criminally negligent homicide. Pompa concedes that an objectively reasonable interpretation of the phrase at issue would include scenarios where an insured pleads guilty to a criminal offense. As discussed in *Allstate Ins. Co. v. Juniel*, *supra*, "the fact that 'terms of a policy of insurance may be construed as ambiguous where applied to one set of facts does not make them ambiguous as to other facts which come directly within the purview of such terms.'" *Juniel*, 931 P.2d at 514 (quoting L. Russ, *Couch on Insurance 3D* § 21.14 at 21-26 (1995)). Pompa asserts that courts make a distinction between guilty pleas and convictions for purposes of collateral estoppel. However, this legal distinction is irrelevant the analysis here - namely how the phrase at issue would be

understood by a person of ordinary intelligence under the circumstances presented in this case.  I find that a person of ordinary intelligence would understand Pompa's guilty plea to criminally negligent homicide to constitute a "conviction."  Therefore, I conclude that the phrase at issue is unambiguous.

I also reject Pompa's argument that the Violation of Law exclusion, as applied, violates Colorado's public policy.  Pompa maintains that under American Family's interpretation of the exclusion, the insured's conduct and intent are irrelevant such that acts not typically thought of as "criminal" would be encompassed by the exclusion.  However, the only Colorado Court to address the issue has held that an insurance policy that excludes coverage of injuries resulting from criminal actions does not violate Colorado's public policy.  *See Juniel*, 931 P.2d at 516.  In so holding, the Colorado Court of Appeals cited several cases from other jurisdictions, including cases holding that a general criminal exclusion clause did not violate public policy even though the clause was interpreted to exclude unintentional injuries.  *Id.* (citing *Allstate v. Norris*, 795 F.Supp. 272 (S.D. Ind. 1992)).  In light of the holding in *Juniel*, I find that the exclusion at issue does not violate Colorado's public policy.

In conclusion, I find that Pompa's conduct clearly falls within the Violation of Law exclusion at issue, that the exclusion is not ambiguous, does not violate Colorado's public policy, and is not subject to any other reasonable interpretation.  Therefore, Defendant had no duty to defend or indemnify Pompa under the policy, and Defendant is entitled to summary judgment as to Pompa's breach of contract claims.  *Hecla*, 811 P.2d at 1090; *Juniel*, 931 P.2d at 516.  Because I find that there is no breach of

contract, I also find that Defendant is entitled to summary judgment as to Pompa's claim

for bad faith breach of contract.

III.     CONCLUSION

In conclusion, for the reasons stated above, it is hereby

ORDERED that Defendant's Motion for Summary Judgment, filed March 27,

2006 (docket #11) is **GRANTED**, and the claims and causes of action asserted against

Defendant are hereby **DISMISSED**.  It is

FURTHER ORDERED that Plaintiff David Cidrillo Pompa's Cross Motion for

Partial Summary Judgment on Breach of Contract Claim, filed April 24, 2006 (docket

#20) is **DENIED**.

Dated:  March 5, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge